UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:12-CV-14151-MARTINEZ/LYNCH

JANE DOE NO. 15, by and through
JANE DOE's MOTHER as parent
and natural guardian, and JANE DOE's
MOTHER, individually,

   Plaintiffs,

vs.

SCHOOL BOARD OF HIGHLANDS COUNTY,
FLORIDA and MARIA GONZALEZ,

   Defendants.
_____/

## AMENDED COMPLAINT

  PLAINTIFFS, JANE DOE NO. 15 ("JANE DOE"), a minor girl, by and through JANE DOE NO. 15's MOTHER ("JANE DOE's MOTHER) as parent and natural guardian, and JANE DOE's MOTHER, individually, hereby sues DEFENDANTS, SCHOOL BOARD OF HIGHLANDS COUNTY, FLORIDA (the "SCHOOL BOARD") and MARIA GONZALEZ, and state the following:

### JURISDICTION, VENUE AND PARTIES

  1. Jane Doe, is a resident of Highlands County, Florida and is not *sui juris* by virtue of her minority. Jane Doe's Mother, individually, and as natural guardian and parent of Jane Doe, is a resident of Highlands County, Florida and is over the age of 18 and is otherwise *sui juris*. This action is brought anonymously to protect the identities of Jane Doe and her mother as this matter concerns the sexual abuse of a minor.[1]

---

[1] The reference to "No. 15" in the Plaintiffs' pseudonym is for purposes of internal organization in the office of Plaintiffs' counsel, and not intended to indicate that there are 14 related cases.

2. Defendant the School Board, is a political subdivision or agency of Highlands County, Florida. The School Board operates and maintains Lake Country Elementary School in Highlands County, Florida ("Lake Country" or the "School"). Jane Doe was a student at Lake Country at all relevant times and participated in the after care program at Lake Country which was operated and controlled by Lake Country and the School Board.

3. Defendant Maria Gonzalez is a citizen and resident of the State of Florida and is *sui juris*.

4. The Court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. §§1331 and 1367, and 20 U.S.C. §1681(a). The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(c).

5. The Court has venue of this action under 28 U.S.C. §1391 as the Defendant resides in this District and the events and omissions giving rise to the claim occurred in this District.

**FACTUAL ALLEGATIONS**

6. Jane Doe was born in January, 2000. At all relevant times, Jane Doe attended Lake Country. Jane Doe participated in the after care program on the School's premises, which was operated in the School's cafeteria.

7. At all relevant times, Maria Gonzalez was employed by the School Board and was the manager of the School's after care program. Maria Gonzalez was also the School's Health Support Aide, working under the supervision of a Registered Nurse employed by the Highlands County Health Department.

8. At all relevant times, Maria Gonzalez allowed her husband, Orestes Gonzalez, to have unfettered access to the children in the School's after care program on the School's premises.

9. Orestes Gonzalez appeared in the cafeteria and interacted with the children in the after

care program every day. Orestes Gonzalez was not an employee of the School Board and was never screened or background checked by the School Board. Orestes Gonzalez had no training in the care and safety of children. During the course of the typical school day afternoon, Maria Gonzalez would leave the room for extended periods of time, leaving Orestes Gonzalez alone with the children.

10. At all relevant times, Majel Bowerman was the Principal of Lake Country. As Principal, Ms. Bowerman was the School Board employee in charge of the School, and had duties and responsibilities as set forth in Florida Statute §1012.28 and School Board rules and regulations.

11. Ms. Bowerman as principal had a duty to supervise employees assigned to the School, including Maria Gonzalez, and had a duty to protect the safety of children on school premises.

12. In or about 1994, a second grade student, C.W., reported to her parents that Orestes Gonzalez had sexually molested her. At that time, C.W. was in a day care program managed by Maria Gonzalez. Upon information and belief, Ms. Bowerman at that time received actual notice of C.W.'s report of sexual molestation by Orestes Gonzalez.

13. Ms. Bowerman and the School Board failed to take any action in response to this report. Orestes Gonzalez thereafter entered School premises and interacted with children in the after care program of the School managed by Maria Gonzalez without limit or restraint. C.W.'s parents had their children transferred to another school because of the lack of any affirmative response, as they feared that their daughter was at risk of abuse by Orestes Gonzalez if she were enrolled at the School and the after care program. In the years that followed, no parents of children in the School's after care program were ever advised of C.W.'s report against Orestes Gonzalez or warned of the danger to children posed by Orestes Gonzalez.

14. Upon information and belief, Maria Gonzalez was aware of C.W.'s reports of molestation by Orestes Gonzalez. At all relevant times, she knew that her husband Orestes had

pedophilia proclivities and posed a grave risk of danger to children in the after care program if he were allowed access to the children in the program.

15. Orestes Gonzalez would typically approach a female student sitting at a cafeteria table, sit next to her, and participate with her in activities at the table, such as cards or dominoes. When Maria Gonzalez would leave the room, he would observe his surrounding area to make sure no one was watching, and then sexually molested the girl next to him. Upon information and belief, he did this on a frequent and regular basis to numerous girls in the after care program over a period of years.

16. At all relevant times after receiving notice of C.W.'s abuse by Orestes Gonzalez, Ms. Bowerman had the power and authority to engage in corrective measures to prevent Orestes Gonzalez from sexually molesting other children in the after care program, and failed to engage in any such corrective measures.

17. Orestes Gonzalez's ongoing participation in the after care program at the School was open, obvious and known to administrators and staff at the School, including Principal Bowerman.

18. On or about December 30, 2010, another child in the after care program reported to her parents that Orestes Gonzalez sexually molested her. The parents reported Gonzalez's acts to law enforcement, which commenced an investigation.

19. Subsequently, Jane Doe reported to law enforcement that Orestes Gonzalez had sexually molested her in both the 2008-09 and 2009-10 school years. In the 2008-09 school year, on at least two occasions, Orestes Gonzalez sat next to Jane Doe in the course of the after care program while Jane Doe was engaged in an activity. When Maria Gonzalez left the room, Orestes Gonzalez sexually abused Jane Doe.

20. On one occasion, in the 2009-10 school year, at Maria Gonzalez's suggestion, Jane

Doe's Mother agreed to allow Orestes Gonzalez to drive Jane Doe from Lake Country to Lake Placid Middle School, where Jane Doe's Mother and brother would meet her. When Orestes Gonzalez stopped his car, he sexually molested Jane Doe in the car.

21. Prior to February 1, 2011, Jane Doe had never reported Orestes Gonzalez's acts of abuse to anyone, and Jane Doe's Mother had no notice or knowledge of the violation of Jane Doe's rights.

22. Jane Doe's Mother was a witness to Maria Gonzalez leaving the children in the after care program alone with Orestes Gonzalez for extended periods of time, and Maria Gonzalez knew Jane Doe's Mother was a witness to this conduct. Maria Gonzalez contacted Jane Doe's Mother after February 1, 2011, and asked her to give false information to law enforcement investigating the allegations against Orestes Gonzalez, including that Maria Gonzalez directly supervised the children in the after care program at all times.

23. As a direct and proximate result of Orestes Gonzalez's acts of sexual abuse, Jane Doe has suffered and will continue to suffer severe and permanent physical and psychological injuries, including without limitation, mental anguish, pain and suffering, and loss of enjoyment of life.

24. Orestes Gonzalez pled guilty to five counts of lewd molestation and lewd conduct with a child under the age of 12, including three counts of lewd conduct for his abuse of Jane Doe. Maria Gonzalez was charged with witness tampering for her attempt to have Jane Doe's Mother give false information to law enforcement.

**COUNT I**
**(Violation of Title IX, Education**
**Amendments of 1972 - 20 U.S.C. §1681 et seq. – Against the School Board)**

25. Plaintiff Jane Doe repeats and re-alleges the allegations set forth in paragraphs 1 through 24 above.

26. At all relevant times, the education program or activity at Lake Country received federal financial assistance.

27. Jane Doe had a right to not be subject to sexual discrimination, harassment or abuse while she participated in Lake Country's education program or activity receiving federal financial assistance.

28. Upon information and belief, the School Board had actual notice that Orestes Gonzalez posed a grave danger to students in the school of sexual abuse and molestation. The prior report of C.W.'s sexual molestation alerted Lake Country, the School Board, and their agents and representatives, to Orestes Gonzalez's propensity to commit sexual abuse.

29. Upon information and belief, Majel Bowerman as Principal, and other School Board officials with actual notice, had authority to address the acts of sexual abuse by Orestes Gonzalez and institute corrective measures.

30. Upon information and belief, the decisions of Majel Bowerman and the School Board to allow Orestes Gonzalez access to the after care program subsequent to the report that C.W. was sexually molested by Orestes Gonzalez, without instituting any corrective measures, were official decisions to ignore the danger of sexual abuse to the children in their care.

31. In response to actual notice that Orestes Gonzalez posed a danger of sexual abuse and molestation to children in the after care program, Principal Bowerman, Lake Country and the School Board could have instituted any of a number of corrective measures that would have prevented the sexual abuse of Jane Doe, including without limitation, (i) banning or prohibiting Orestes Gonzalez from entering school grounds; (ii) warning Maria Gonzalez that she could not invite or allow her husband on school grounds or otherwise permit him to have any contact or involvement with the School's after care program; (iii) advising Orestes Gonzalez that he could be criminally charged with

trespass if he were to enter school premises; (iv) taking adverse employment action against Maria Gonzalez for allowing her husband access to students in the after care program; and/or (v) any such other action reasonably intended or designed to protect the students in the after care program from Orestes Gonzalez.

32. Despite receipt of actual notice, Principal Bowerman, the School Board, and its agents and representatives, acted with deliberate indifference in failing (i) to take any action to prohibit Orestes Gonzalez from having access to the after care program; (ii) to deny Orestes Gonzalez access to school grounds; (iii) to otherwise restrict his access to students in the program; (iv) to warn Maria Gonzalez that her husband could not be allowed on school grounds; (v) to impose adverse employment action against Maria Gonzalez for allowing her husband access to children in the after care program on school grounds; or (vi) engage in any other corrective measure to prevent Orestes Gonzalez from sexually abusing children in the School's after care program.

33. As a result of this gross failure to act, Jane Doe was sexually abused by Orestes Gonzalez.

34. Jane Doe has suffered damages as a result of Defendant School Board's failure to respond to actual notice of Orestes Gonzalez's sexual deviancy and the risk he posed to young girls.

WHEREFORE, Plaintiff Jane Doe demands compensatory damages, attorneys' fees, punitive damages, and fees and costs pursuant to 42 U.S.C. §1988, and such other and further relief as this Court deems just and proper.

## COUNT II
### (Violation of 42 U.S.C. §1983 – Against Maria Gonzalez)

35. Plaintiff Jane Doe repeats and re-alleges the allegations in paragraphs 1 through 24 above.

36. Jane Doe has a constitutional substantive due process right to bodily integrity in the public schools.

37. At all relevant times, Defendant Maria Gonzalez acted under color of state law as an employee of the School Board and manager of Lake Country's after care program.

38. Defendant Maria Gonzalez violated Jane Doe's constitutional right to bodily integrity by giving her husband, Orestes Gonzalez, access to Jane Doe in the School's after care program without supervision, knowing that there was a substantial risk he would sexually molest Jane Doe and other girls in the program.

39. At all relevant times, Jane Doe's constitutional right to bodily integrity while on School grounds and in the care and protection of the School's teachers and staff was clearly established and well known.

40. Maria Gonzalez had an improper custom and policy regarding her husband and his involvement in the after care program, which was deliberately indifferent to constitutional rights. Specifically, Maria Gonzalez (i) knew that Orestes Gonzalez had pedophilia proclivities and posed a grave danger to children, particularly girls; (ii) despite this knowledge, allowed him unfettered access to the children in the after care program on a daily basis; and (iii) frequently and regularly left the cafeteria where the after care program was conducted for lengthy periods of time, knowing that Orestes Gonzalez would be the sole adult with the children. In particular, upon information and belief, Maria Gonzalez would leave the cafeteria room knowing that Orestes Gonzalez was seated next to a girl and that he was substantially certain to lewdly and lasciviously touch that girl once she left the room.

41. As a proximate result and moving force of the acts and omissions of Maria Gonzalez, Jane Doe was sexually abused by Orestes Gonzalez, causing her severe, permanent and continuing

physical and psychological injuries, mental anguish and the loss of enjoyment of life.

WHEREFORE, Plaintiff Jane Doe demands compensatory damages, punitive damages, attorneys' fees and costs pursuant to 42 U.S.C. §1988, and such other and further relief as this Court deems just and proper.

### COUNT III
### (Recklessness - Against Maria Gonzalez)

42. Plaintiff Jane Doe repeats and re-alleges the allegations made in paragraphs 1 through 24 above.

43. In granting her husband, Orestes Gonzalez, unsupervised access to the children in the after care program, including Jane Doe, Maria Gonzalez acted in bad faith or with malicious purpose or in a manner exhibiting wanton or willful disregard of human rights or safety.

44. This cause of action is in the alternative to Jane Doe's claim for common law negligence against the School Board, which Plaintiff has made in writing to the School Board in accordance with Florida Statute §768.28.

45. At a direct and proximate cause of Maria Gonzalez's acts and omissions, Jane Doe was sexually abused by Orestes Gonzalez and has suffered permanent and continuing physical and psychological injuries, mental anguish and loss of enjoyment of life.

WHEREFORE, Plaintiff Jane Doe demands compensatory damages, punitive damages, costs and such other and further relief as this Court deems just and proper.

### COUNT IV
### (Negligence Against School Board)

46. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 24 above.

47. All conditions precedent to the bringing of this cause of action have been satisfied or

waived, including the notice required by Florida Statute §768.28.

48. At all material times, Plaintiff Jane Doe was a student at Lake Country Elementary School.

49. Defendant School Board has a duty to protect the safety of the minors who attend Highlands County public schools.

50. Defendant had a duty to reasonably supervise the after care program operated at Lake Country Elementary School, and protect the students in the program from, among any other things, unscreened visitors who would do harm to children.

51. At all relevant times, it was reasonably foreseeable that Orestes Gonzalez would engage in sexual misconduct with children in the after care program, particularly when left alone with the children.

52. Defendant failed to supervise, evaluate, investigate and/or take remedial action as to Orestes Gonzalez's activities, background and character. The Defendant School Board's acts and omissions negligently placed Jane Doe at risk of sexual abuse and assault by Orestes Gonzalez.

53. The School Board's conduct in allowing Orestes Gonzalez to have access to, supervision and control of children in the after care program was unreasonable under the circumstances and shows a reckless disregard for the safety and welfare of the minors in whose care the School Board was entrusted.

54. As a direct and proximate result of Defendant's negligent acts and/or omissions, Plaintiff has suffered severe and permanent physical and psychological injuries, and loss of enjoyment of life.

WHEREFORE, Plaintiff Jane Doe demands judgment against the School Board for compensatory damages, costs, and such other and further relief as this Court deems just and proper.

## COUNT V
### (Loss of Consortium)

55. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 24 above.

56. As a result of Defendants' violation of Jane Doe's common law and constitutional rights, Jane Doe's Mother has suffered and will suffer damages, including loss of comfort, companionship and society, and pecuniary losses, consisting of, without limitation, care and treatment of Jane Doe.

57. The Defendants' acts and omissions were the direct and proximate cause of Jane Doe suffering a permanent and total disability.

WHEREFORE, Plaintiff, Jane Doe's Mother, individually, demand compensatory damages for loss of consortium, attorneys' fees and costs pursuant to 42 U.S.C. §1988, and such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury and all issues so triable as a matter of right.

Dated: October 1, 2012.     Respectfully submitted,

By:   /s/Stuart S. Mermelstein
Jeffrey M. Herman (FL Bar No. 521647)
jherman@hermanlaw.com
Stuart S. Mermelstein (FL Bar No. 947245)
smermelstein@hermanlaw.com
Jessica D. Arbour (FL Bar No. 067885)
jarbour@hermanlaw.com
Herman, Mermelstein & Horowitz, P.A.
*Attorneys for Plaintiffs Jane Doe et al.*
18205 Biscayne Boulevard
Suite 2218
Miami, Florida  33160
Tel:  (305) 931-2200
Fax:  (305) 931-0877

and

Steven S. Farbman (FL Bar No. 471933)
steve@farbmanlaw.com
Law Office of Steven S. Farbman, P.A.
Regions Bank Building
450 North Park Road
Suite 800 - Penthouse
Hollywood, Florida 33021
Tel: (954) 923-3603
Fax: (954) 923-3803

*Attorneys for Plaintiffs Jane Doe et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on October ___, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Stuart S. Mermelstein

**SERVICE LIST**
**CASE NO.:** CASE NO.: 2:12-CV-14151-JEM
**United States District Court, Southern District of Florida**

Allen C. Sang, Esq.
acs@carmanbeauchamp.com

Steven S. Farbman, Esq.
steve@farbmanlaw.com

      /s/ Stuart S. Mermelstein